**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **ESTATE OF THOMAS CASTAGNA,**<br><br>Plaintiff,<br><br>v.<br><br>**CITIZENS FINANCIAL GROUP, INC. d/b/a CITIZENS BANK, *et al.*,**<br><br>Defendants. | Civil Action No. 25-18668 (ZNQ) (TJB)<br><br>**OPINION** |

**QURAISHI, District Judge**

**THIS MATTER** comes before the Court upon two Motions to Dismiss from Defendants Citizens Financial Group, Inc. ("Citizens Bank" or "Citizens,") ("Citizens Motion," ECF No. 12,) and Santander Holdings USA, Inc. ("Santander Bank" or "Santander") (collectively, "Defendants,") ("Santander Motion," ECF No. 13.) Defendants each submitted a brief in support of their Motions. ("Citizens Moving Br.," ECF No. 13-1; "Santander Moving Br., ECF No. 13-1.) The Estate of Thomas Castagna ("Plaintiff") filed a Brief in Opposition ("Opp'n Br.," ECF No. 18), and Defendants each submitted Replies. ("Citizens Reply Br.," ECF No. 21; "Santander Reply Br.," ECF No. 22.)

The Court has carefully considered the parties' submissions and decides the Motion without oral argument pursuant to Federal Rule of Civil Procedure 78 and Local Civil Rule 78.1. For the reasons set forth below, the Court will **GRANT** the Motions.

## I. BACKGROUND AND PROCEDURAL HISTORY

The information below is taken from the Complaint.[1]

Thomas Castagna was a longtime banking customer of Defendants and "performed all transactions in-person at the same two local branches in Lawrenceville (Citizens Bank) and Pennington (Santander)." (Comp. ¶ 5.) In May 2024, he received an email purporting to be from the Publishers Clearing House congratulating him for winning their grand prize. (*Id.* at 3.)[2] The email instructed him to pay a "gifted tax registration fee" to the "Publishers Clearing House Company Prize Patrol Team" to receive his prize. (*Id.*) Unbeknownst to Castagna, he was about to fall victim to a "scam targeting the elderly population." (*Id.*)

From late May through August 2024, Castagna ordered sixteen (16) cashier's checks from Santander and twelve (12) cashier checks from Citizens Bank. (*Id.* ¶¶ 11–38.) The average amount for each cashier's check was over $53,000 for checks issued by Santander, and $46,000 for checks issued by Citizens. (*Id.* ¶¶ 49, 60.)

After Castagna passed away in March 2025, his estate filed its Complaint in the Superior Court of New Jersey, Law Division on November 21, 2025. (*See id.* ¶ 1; Notice of Removal, ECF No. 1 at ¶ 1.) Citizens Bank removed the case to this Court on December 16, 2025. (*See generally*, *id.*) Plaintiff is asserting a single claim: common law negligence. (Compl. ¶¶ 71–76.)

---

[1] For the purposes of these Motions, the Court assumes as true the facts alleged in the Complaint. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). The Court is permitted to considered "document[s] integral to or explicitly relied upon in the complaint." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997). "[A] court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." *Pension Ben. Guar. Corp. v. White Consol. Industries, Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993). Plaintiff makes no reference to the contracts governing his banking relationship with Defendants, and disputes their authenticity. (*See* Opp'n Br., at 1) ("Defendant Banks ask the Court to dismiss the [Plaintiff's] case based on *purported* agreements between each bank and Thomas Castagna . . . .")

[2] The Court cites to an introductory portion of Complaint that lacks both paragraph numbering and pagination. The Court therefore cites to the page numbers inserted by its CM/ECF system.

## II. SUBJECT MATTER JURISDICTION

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 as the parties are diverse and the amount in controversy exceeds $75,000.

## III. LEGAL STANDARD

A district court may grant a motion to dismiss under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. When considering a motion under Rule 12(b)(6), the court must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)) (citation modified).

Thus, to survive a motion to dismiss, the complaint must contain sufficient factual allegations to raise a plaintiff's right to relief above the speculative level, so that a claim "is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A facially plausible claim "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (2009) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009)). The court may, however, ignore legal conclusions or factually unsupported accusations that merely state the defendant unlawfully harmed me. *See Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "The defendant bears the burden of showing that no claim has been presented." *Hedges v. United States*, 404 F.3d 744, 750 (3d Cir. 2005) (citing *Kehr Packages, Inc. v. Fidelcor, Inc.*, 926 F.2d 1406, 1409 (3d Cir. 1991)).

## IV. DISCUSSION

Plaintiff's lone count against both Defendants alleges that they "breached [their] duty of care to [Castagna] by creating and issuing Cashier's Checks which [they] knew or should have

known were fraudulent, and would cause harm to [Castagna]." (Compl. ¶ 74.) Defendants argue that this claim is barred by (1) their respective contracts with [Castagna] and New Jersey's economic loss doctrine, and (2) preemption by the Uniform Commercial Code ("UCC"). (*See* Citizens Moving Br. at 1; *see also* Santander Moving Br. at 6–8.)

Defendants argue that New Jersey's economic loss doctrine prevents Plaintiff from maintaining a tort suit against them for "purely economic losses arising from contractual relationships." (Citizens Moving Br., 8–15; Santander Moving Br., 5–6.) Plaintiff disagrees, contending that the present suit "is not duplicative and does not overlap any recourse found in the contract[s]." (Opp'n Br., 17.)

In New Jersey, a plaintiff in a contractual relationship with the defendant may sue in tort "if the plaintiff [can] establish that the alleged breach of duty constituted a 'separate and independent tort.'" *Saltiel v. GSI Consultants, Inc.*, 788 A.2d 268, 276 (N.J. 2002) (quoting Michael Dorff, *Attaching Tort Claims to Contract Actions: An Economic Analysis of Contract*," 28 Seton Hall L. Rev. 390, 406 (1997)). To plausibly plead a tort claim based on a contractual relationship, the plaintiff must show that "there is . . . [a] duty owed to the plaintiff other than the duty arising out of the contract itself." *Int'l Minerals and Min. Corp. v. Citcorp N. Am.*, 736 F. Supp. 587, 597 (D.N.J. 1990). "When a company agrees to render a service or sell a product, a contract normally will define the scope of the parties' specific obligations." *Saltiel*, 788 A.2d at 316. Certified checks are agreements between a "drawer" (party ordering payment) and "drawee" (the party issuing payment). (*See* N.J.S.A. § 12A:3-409(a) ("Acceptance means the drawee's signed *agreement* to pay a draft as presented."); *see also Kamm's Estate v. Commissioner*, 349 F.2d 953, 956 n.1 (3d Cir. 1965) ("Of course a certified check embodies an obligation of the certifying bank.")

Though the parties disagree on whether the Court may rely upon the agreements attached to Defendants' motions to dismiss, here Plaintiff alleges that Defendants held funds for Castagna and Defendants repeatedly issued certified checks at Castagna's request. The Court finds that these alegations suffice for the Court to infer the existence of a contractual relationship between Castagna and Defendants, with or without the contract itself.

Plaintiff argues that its "allegation of common law negligence is an independent duty apart from those imposed by any contract between the parties." (Opp'n Br. at 20.) This is not the law in New Jersey. "[U]nder New Jersey law, banks generally do not owe depositors special duties where the parties' relationship is defined by contract." *Ghiya v. TD Bank*, Civ. No. 25-4056, 2026 WL 1146621, at *4 (D.N.J. Apr. 28, 2026) (citing cases). Given that Plaintiff's claims are entirely based on the tortious theory that Defendants failed to act reasonably, its claims are barred by the economic loss doctrine. *See Tarsky v. TD Bank, N.A.*, Civ. No. 15-16296, 2026 WL 1786300, at *4 (D.N.J. June 22, 2026) ("Plaintiffs' negligence claim is also barred by New Jersey's economic loss doctrine, which precludes recovery in tort for purely economic losses arising from a contractual relationship.") (citing *Sun Chem. Corp. v. Fike Corp.*, 235 A.3d 145, 150 n.2 (N.J. 2020)).

Plaintiff's reliance on *Nann v. TD Bank, N.A.*, Civ. No. 25-5515, 2026 WL 242084, (D.N.J. Jan. 29, 2026) is unpersuasive because that case is readily distinguishable. In *Nann*, the plaintiff alleged that the defendant bank's failed to designate plaintiff as a beneficiary as intended by plaintiff and the account owner. *Nann*, 2026 WL 242084, at *5, n.5. Nann was not herself an account holder. The Court rejected the bank defendant's attempt to use its own failure to designate plaintiff as a beneficiary as both a sword to deny that a contractual relationship existed between

plaintiff and the bank and a shield to assert that the same contractual relationship barred a negligence claim. *Id.*

For these reasons the Court will dismiss Plaintiff's claim with prejudice. Given its conclusion, the Court does not reach Defendants' remaining arguments for dismissal.

## V. CONCLUSION

For the reasons stated above, the Court will **GRANT** Defendants' Motions to Dismiss. Plaintiff's claim for negligence will be dismissed with prejudice. Plaintiff will be given leave to file an Amended Complaint within 30 days. An appropriate Order will follow.

Date: September 29, 2026

s/ Zahid N. Quraishi
**ZAHID N. QURAISHI**
**UNITED STATES DISTRICT JUDGE**